Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN FAB CORP.,<br><br>Plaintiff,<br><br>v.<br><br>SHEWIN INC., et al.,<br><br>Defendants. | Case No. 2:25-cv-04289-SVW-SSC<br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE ON DEFENDANT SHEWIN INC.; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TREVOR W. BARRETT, ESQ. IN SUPPORT THEREOF**<br><br>*([Proposed] Order Filed Concurrently Herewith)*<br><br>Date: April 6, 2026<br>Time: 1:30 p.m.<br>Courtroom: 10A |

- i -
NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on  April 6, 2026 at 1:30 p.m. or as soon thereafter as this matter may be heard by the above-entitled Court, Plaintiff Urban Fab Corp., doing business as "UrbanFab" ("Plaintiff" or "Urban Fab") will and hereby does move for leave to serve process upon Defendant Shewin Inc. ("Defendant" or "Shewin") by alternative means pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3).

This motion is made on the grounds that:

1.      Plaintiff has attempted to serve Defendant via traditional service, including by dispatching service of process to Defendant's registered agent in Aurora, Colorado and a second business address in Boulder, Colorado has been unable to effectuate service;

2.      Despite Plaintiff's diligent efforts, traditional means of service have proven unsuccessful;

3.      Defendant is actively litigating in another federal action, *Unicolors, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, Case No. 1:24-cv-02987 (N.D. Ill.) (the "Illinois Action"), through counsel at Whitewood Law PLLC. In that case, Plaintiff's counsel obtained an email address for Defendant's affiliate, SHEWIN Flagship Shops, from Amazon and attempted to serve SHEWIN Flagship Shops via that email address. Subsequent to it sending that email, counsel for SHEWIN Flagship Shops filed a notice of appearance in the Illinois Action. Thereafter, Plaintiff served SHEWIN Flagship Shops via by emailing its counsel. SHEWIN Flagship Shops subsequently appeared in the Illinois Action which remains active.

4.      Plaintiff's counsel has contacted Defendant's counsel in the Illinois Action, Shengmao (Sam) Mu, Esq. of Whitewood Law PLLC, and requested that counsel accept service of the Summons and First Amended Complaint in the instant

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

action, but counsel has not responded to this request despite SHEWIN Flagship Shops' active participation in the Illinois Action;

5.      Defendant in this case has three email addresses listed on its website through which Plaintiff believes Defendant can be contacted: ashley@shewin.com, mia@shewin.com, and service@shewin.com; and,

5.      An order allowing for alternative means of service is warranted because Plaintiff has attempted to serve Defendant in Colorado at an address registered to Defendant on multiple occasions to no avail and Defendant is a Chinese entity with no other readily ascertainable physical address in the United States for service purposes. Plaintiff's counsel has an email address from Amazon which Plaintiff believes is active and is used by SHEWIN Flagship Shops, an entity Plaintiff believes is related to Defendant, Plaintiff has an active email address for SHEWIN Flagship Shops' counsel in the Illinois Action, and Plaintiff has email addresses for shewin.com, Defendant's online store which Plaintiff believes to be active. Plaintiff maintains that an email to the email address provided by Amazon, to Defendant's counsel in the Illinois Action, and to the email addresses listed on shewin.com in combination is the method most likely to result in actual notice to Defendant.

This Application is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Trevor W. Barrett, Esq. in support thereof, the pleadings, and other matters that may be presented at the hearing.

Dated: March 9, 2026                    By:    /s/ *Trevor Barret*
                                                Trevor W. Barrett, Esq.
                                                Andres Navarro, Esq.
                                                DONIGER / BURROUGHS
                                                Attorneys for Plaintiff

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    DESPITE EXHASUTIVE EFFORTS, PLAINTIFF HAS BEEN UNABLE TO LOCATE AND SERVE DEFENDANT.**

Plaintiff has diligently researched Defendant's whereabouts and attempted to serve Defendant via multiple channels but has been unsuccessful in doing so. Declaration of Trevor W. Barrett, Esq. ("Barrett Decl."), passim.

The instant action was filed on May 12, 2025. Dkt. 1. As set forth in the Declaration of Trevor Barrett filed in response to this Court's Order to Show Cause (Dkt. 13, 18), on four occasions in December 2025, Plaintiff assigned service of the Summons and First Amended Complaint on Shewin's registered agent located at 14211 E 4th Ave, Ste 144, Aurora, CO, which is the same address listed as Shewin's principal office mailing address per the Colorado Secretary of State website. Despite four service attempts over a ten-day period and observing evidence of Shewin's activity at the location such as package/mail addressed to the subject, the service processor was unable to effectuate service. Dkt. 19, 19-1.

Plaintiff subsequently assigned service on Defendant at a different registered address listed on its Colorado Secretary of State webpage in Boulder, CO. During the first service attempt on January 6, 2026, the process server spoke with an individual who identified themselves as an employee and receptionist of the Defendant company who stated the company "moved to Denver somewhere." Id.

Plaintiff subsequently attempted to serve Defendant on eight (8) separate occasions at its Aurora, Colorado address in mid to late January of 2026 to no avail. Id. ¶X, Exhibit 1. Plaintiff has been diligent in attempting to serve Defendant through traditional methods, but these efforts have not been successful. Id.

**II.    DEFENDANT IS LIKELY AWARE OF THIS ACTION AND IS LIKELY AVOIDING SERVICE.**

Defendant is not a dormant or defunct entity. Rather, Defendant is operating an active website at www.shewin.com and Defendant appears to be an affiliate of the

- 1 -

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

SHEWIN Flagship Shops who is actively litigating in at least one other federal action in the United States. *Unicolors, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, Case No. 1:24-cv-02987 (N.D. Ill.) (the "Illinois Action"). Id. ¶6-11. Plaintiff's counsel in this Action represents the plaintiff in the Illinois Action. Id. ¶6. SHEWIN Flagship Shops' participation in the Illinois Action demonstrates that both it and its affiliate, the Defendant in this Action, are both aware of their legal obligations in the United States, have the resources to retain counsel, and are capable of participating in federal litigation.

In the course of the Illinois Action, and before SHEWIN Flagship Shops appeared in that action, Amazon provided Plaintiff's counsel an email address for SHEWIN Flagship Shops, dixingmaoyi2018@163.com. Plaintiff attempted to serve SHEWIN Flagship Shops via that email address and counsel for SHEWIN Flagship Shops subsequently filed a notice of appearance in the Illinois Action. Id. ¶6.

Once counsel for SHEWIN Flagship Shops appeared, Plaintiff in the Illinois Action served counsel with the operative complaint at counsel's email address, smu@whitewoodlaw.com. Subsequently SHEWIN Flagship Shops filed a motion to dismiss and later its Answer cited above. Id. ¶8, Exhibit 2.

SHEWIN Flagship Shops is represented Shengmao (Sam) Mu, Esq. of Whitewood Law PLLC in the Illinois Action. On May 29, 2025 and June 24, 2025 Plaintiff's counsel contacted Mr. Mu and requested that he accept service in this matter. Mr. Mu did not respond. His silence—combined with Shewin's evasion of traditional service methods—suggests that Defendant is aware of the instant action and is deliberately avoiding service. If Defendant was not related to SHEWIN Flagship Shops, it is likely that Mr. Mu would have responded by saying so, rather than remaining silent. The fact that SHEWIN Flagship Shops is willing to litigate in the Illinois Action but the related Defendant in this case refuses to accept service in this action further supports an order permitting alternative service.

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

On information and belief, Defendant owns and operates the website https://www.shewin.com on which it has sold the allegedly infringing garments at issue in this case. Defendant's "contact us" page, https://www.shewin.com/page/contact-us, provides for three email addresses for Defendant including ashley@shewin.com, mia@shewin.com, and service@shewin.com. Defendant can be tied to at least the mia@shewin.com email address because shipping labels for packages of infringing goods at issue, indicate they are shipped from "Mia Shewin." Id. ¶11, Exhibit 5.

Additionally, Plaintiff has obtained from Amazon an email address associated with SHEWIN Flagship Shops' seller account: dixingmaoyi2018@163.com. Id. ¶7. Given SHEWIN Flagship Shops' active online commerce through Amazon and other platforms, it is reasonable to expect that SHEWIN Flagship Shops and the related Defendant regularly monitor this email address. Id. ¶7.

Service via email to ashley@shewin.com, mia@shewin.com, service@shewin.com in addition to service through Shewin Flagship Shops' Illinois counsel, Mr. Mu at smu@whitewoodlaw.com and the SHEWIN Flagship Shops' dixingmaoyi2018@163.com address would provide multiple avenues by which the Defendant is likely to receive actual notice of this action. This is especially true here because Plaintiff is informed and believes that Defendant is aware of this litigation and is actively avoiding service.

**III.    SERVICE VIA EMAIL IS THE ALTERNATIVE METHOD MOST LIKELY TO PROVIDE DEFENDANT NOTICE OF THIS CASE.**

Under Rule 4(e), a plaintiff may serve a defendant "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e). California permits service via mail, return receipt requested, on a party outside of California, and deems service complete on the tenth day after mailing. Cal. Code Civ. Proc. § 415.40. Given that Plaintiff's service attempts via process server at Defendant's three listed addresses have been unsuccessful, an attempt to serve via mail at those same

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

addresses will likely be no different, including because the ongoing COVID-19 pandemic has resulted in offices remaining unoccupied for indefinite durations.

This Court has discretion in approving alternative methods of service, and service via email is the most likely alternative method to result in successful service of process on Defendant. *See* Fed. R. Civ. P. 4(f)(3); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–19 (9th Cir. 2002) (affirming district court permitting service via email). This is because correspondence sent to email addresses for and associated with a functional online business is the most likely method, and certainly more likely than certified mail at already-attempted physical addresses, to provide actual notice to Defendant of this case. *See Microsoft Corp. v. Buy More, Inc* 703 F. App'x 476, 480 (9th Cir. 2017) (stating that a means of alternative service comports with due process as long as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Notably, Rule 4(f)(3) does not require that a plaintiff exhaust all other methods of service before seeking alternative service; rather, it stands as an independent basis for service. *See Rio Properties*, 284 F.3d at 1015. Here, Plaintiff has nonetheless made extensive efforts to serve Defendant through traditional channels, all of which have been unsuccessful.

Given that Plaintiff's multiple service attempts vial traditional methods have proved unsuccessful service via email is highly likely reach Defendant and to put Defendant on actual notice of this litigation.

Service via email to ashley@shewin.com, mia@shewin.com, service@shewin.com in addition to service through Shewin Flagship Shops' Illinois counsel, Mr. Mu at smu@whitewoodlaw.com and the SHEWIN Flagship Shops' dixingmaoyi2018@163.com address is reasonably calculated to provide Defendant with actual notice of this action. Defendant's counsel regularly communicates on SHEWIN Flagship Shops' behalf in federal litigation, the shewin.com email

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

addresses are listed on the "contact us" page of Defendant's active ecommerce site through which it sold infringing goods at issue, and SHEWIN Flagship Shops' Amazon email is associated with its active e-commerce operations. This Court has discretion in approving alternative methods of service, and service via these email addresses is the most likely alternative method to result in successful service of process on Defendant. See Fed. R. Civ. P. 4(f)(3); *Rio Properties*, 284 F.3d at 1017-19.

## IV. EMAIL SERVICE IS PERMISSIBLE AND PROPER IN THIS ACTION UNDER THE HAGUE CONVENTION

### A. The Ninth Circuit permits the authorization of Electronic Mail Service Pursuant to Federal Rule of Civil Procedure 4(f)(3)

Under Federal Rule of Civil Procedure 4(f)(3), this Court has the discretion to approve an alternative service of process, such as email, to a Defendant like Shewin, whose online business embraces this form of communication and provides an e-mail address for all contact purposes. Barret Decl. ¶10, Exhibit 4. Hence, alternative service of process is within the Court's discretion and is appropriate in this case.

In *Rio*, the court held "without hesitation" that service of process via email to an online foreign entity defendant was "constitutionally acceptable" and under the circumstances, "reasonably acceptable." *Id.* at 1017. The court explained that this means of service was appropriate because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.* Similarly, other courts have determined that, where defendants conduct commercial internet activities, email service is reasonably calculated to apprise them of the suit and thus comports with due process. *See also Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *1–2 (N.D. Cal. Mar. 27, 2012) (authorizing email service on foreign defendants allegedly infringing Facebook trademark on websites)*; Eastwood v. Sera Labs, Inc*., No. 220CV06503RGKJDE, 2021 WL 5169292, at *4 (C.D. Cal. Feb 19, 2021) (holding that service via e-mail

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

and Skype messages were reasonable ways to notify the foreign defendant who relied on electronic communication to promote its products).

In this case, Plaintiff's request to effect service on Defendant via email comports with constitutional notions of due process because it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Rio* at 1016. Defendant maintains an online presence through its website by enabling customers to contact it through its email address such that email service is likely the most reliable way of apprising Defendant of this action. Hence, using these e-mail addresses (along with email to SHEWIN Flagship Shops' counsel in the Illinois Action and via its Amazon email address) to deliver Plaintiff's First Amended Complaint establishes the reliability of this method of service under Rule 4(f)(3) and is the most effective and efficient way to provide the notice due process requires.

Additionally, Plaintiff need not attempt service by other means authorized by Rule 4 before petitioning this Court's to allow service on Defendant by email under Rule 4(f)(3). In *Rio,* the Ninth Circuit concluded that the "plain language" of the Rule only establishes two limitations of alternative methods of service: service "must be (1) directed by the court; and (2) not prohibited by international agreement." *Id.* at 1015. Also, the court reasoned that the plaintiff "need not attempt service through all feasible means before turning to Rule 4(f)(3)" and explained that Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Id.* Instead, it is just "one means among several which enables service of process on an international defendant." *Id.*

Simply put, this Court has the discretion to authorize electronic mail service of process against Defendant.

///

///

- 6 -

### B. Email Service on Defendant is not Prohibited by International Agreement and Is Reasonably Calculated to Apprise them of this Action.

Electronic mail service of process is not prohibited by international agreement and is reasonable to apprise Defendant. The second limitation under Rule 4(f)(3) stipulates that the method of service is not prohibited by international agreement is also met. The Hague Convention applies to Defendant, whom the Plaintiff is informed and believes is located in the People's Republic of China, a signatory to the Hague Convention.[1] Barrett Decl. ¶10. While China has formally objected to service under Article 10 of the Hague Convention and does not permit service of process via postal channels,[2] it is well established that "a foreign nation's objection to Article 10 of the Hague Convention—which does not list e-mail as an accepted method of international service—does not constitute an express rejection of service by e-mail." *Godfrey v. Princess Cruise Lines, Ltd.*, No. CV-15-01975-MWF-PLAX, 2016 WL 11756851, at *2 (C.D. Cal. June 17, 2016). See also *Shinde v. Nithyananda Found.*, No. EDCV1300363JGBSPX, 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014)("The Court agrees with the numerous courts that have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10"). Although Article 10(a) references "postal channels," it does not mention service by electronic means such as email, online messaging systems, or any other electronic communications. Therefore, China's objection to service by "postal channels" does not prohibit service via "electronic means." For this reason, courts have held that the

---

[1] China is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. See U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited July 12, 2023); Hague Conv. Art. 10(a), 20 U.S.T. 361

[2] *Id*.

- 7 -

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

Hague Convention does not prohibit service by electronic means notwithstanding China's objection to service by "postal channels." *Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."); *see also Facebook* at *2 (where Plaintiff cited cases in this circuit where courts held that service by email to foreign defendants, one being China, did not violate the Hague Convention); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (allowing email service of defendants located in countries that have objected to service via postal channels); Because the Hague Convention does not prohibit service on a Chinese company through electronic means, this Court should allow Plaintiff to effect service through email under Rule 4(f)(3).

Further, the current Hague service time in China will take up to around 6 months.[3] Courts in the past have recognized that service in China can be slow; *see SEC v. China Sky One Med., Inc.*, NO CV1207543MWFMANX, 2013 WL 12314508, at *1 (where the plaintiff was informed that it could take six months or longer to effect successful service); *Leo Middle E. FZE v. Zhang*, No. 21-CV-03985-CRB, 2021 WL 11593016, at *6, (N.D. Cal. 2021) (holding that service by e-mail and WeChat was reasonable because of service delays in China, cross-defendant's unpredictable travel schedule, and cross-claimants "good faith efforts" to request waiver of service). Therefore, requiring Plaintiff to serve Defendant through the Central Authority in China under the Hague Service Convention, would delay its ability to litigate the matter for possibly a year, by which time the statute of limitations on his copyright infringement claims may run.

United States District Courts routinely grant alternative service of process notwithstanding the availability of process through the Hague Convention. *See.* e.g.

---

[3] https://www.hcch.net/en/states/authorities/details3/?aid=243 (Page last updated in January 15, 2026)

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

*Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. I11. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. I11. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)). The Hague Convention also does not preclude service by e-mail. Treschel Decl. ¶ 5, Exhibit 3. See also *Sec. & Exch. Comm'n v. China Sky One Med., Inc.*, No. CV1207543MWFMANX, 2013 WL 12314508, at *2–3 (C.D. Cal. Aug. 20, 2013)(Noting that "numerous courts have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10" and allowing email service on a defendant located in China.)

Thus, the Hague Convention does not prohibit electronic mail nor prevent this Court from directing email service under Rule 4(f)(3). As such, Plaintiff respectfully requests to serve Defendant via electronic mail which would be the most appropriate and reasonably calculated means to provide notice

## V.   THERE IS GOOD CAUSE TO EXTEND THE DEADLINE TO SERVE PROCESS UNDER FED. R. CIV. P. 4(m).

Upon a showing of good cause, courts can extend the time limit to serve process. Fed. R. Civ. P. 4(m).

Here, to account for the time that will elapse between the filing of this Motion and this Court's disposition of the same, there is good cause for an extension of five days after this Court enters an Order permitting Plaintiff to serve Defendant via email. To ensure there is no delay, Plaintiff will immediately effect service of process and file the appropriate affidavit detailing the date and manner of service.

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order deeming service effective upon successful transmittal of the Summons, First Amended Complaint, and this Court's Order to: (1) Defendant's ashley@shewin.com, mia@shewin.com, and service@shewin.com email addresses; (2) SHEWIN Flagship Shops' counsel in the Illinois Action, Shengmao (Sam) Mu, Esq. of Whitewood Law PLLC, at smu@whitewoodlaw.com; and (3) SHEWIN Flagship Shops' Amazon-associated email address at dixingmaoyi2018@163.com. Plaintiff will immediately effect service of process and file the appropriate affidavit detailing the date(s) and manner(s) of service.

Dated: March 9, 2026          By:    /s/ *Trevor Barret*
                                     Trevor W. Barrett, Esq.
                                     Andres Navarro, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff

NOTICE OF MOTION AND MOTION TO ALLOW ALTERNATE MEANS OF SERVICE

Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN FAB CORP., <br><br> Plaintiff, <br><br> v. <br><br> SHEWIN INC., et al., <br><br> Defendants. | Case No. 2:25-cv-04289-SVW-SSC <br> _Hon. Stephen V. Wilson_ <br><br> **DECLARATION OF TREVOR W. BARRETT, ESQ., IN SUPPORT OF PLAINTIFF'S MOTION TO ALLOW ALTERNATE MEANS OF SERVICE ON DEFENDANT SHEWIN INC.** <br><br><br> Date: April 6, 2026 <br> Time: 1:30 p.m. <br> Courtroom: 10A |

I, am above 18 years of age and am competent to give the testimony set forth below. I am a partner at Doniger / Burroughs APC and am lead counsel for Plaintiff Urban Fab Corp. ("Urban Fab" or "Plaintiff") in this case. I make this declaration in support of Plaintiff's Motion to Allow Alternate Means of Service on Defendant Shewin Inc. ("Defendant" or "Shewin"). If called upon, I could and would testify as set forth below:

DECLARATION OF TREVOR W. BARRETT, ESQ.

1. My firm caused this lawsuit to be filed against Defendant on May 12, 2025. Plaintiff has diligently researched Shewin's whereabouts and attempted to effect service, but its efforts have not resulted in successful service of process.

2. As set forth in Declaration of January 7, 2026 (Dkt. 19-1), since uncovering information revealing Shewin's presence and good standing in Colorado, Plaintiff assigned service of the Summons and First Amended Complaint on Shewin's registered agent located at 14211 E 4th Ave, Ste 144, Aurora, CO, which is the same address listed as Shewin's principal office mailing address per the Colorado Secretary of State website. Despite four service attempts over a ten-day period and observing evidence of Shewin's activity at the location such as package/mail addressed to the subject, the service processor was unable to effectuate service. Plaintiff subsequently assigned service at another registered address for Defendant listed on its Colorado Secretary of State webpage located in Boulder, CO. During the first service attempt at the Boulder address, the process server spoke with an individual who identified themselves as an employee and receptionist of the Defendant company who stated the company "moved to Denver somewhere." See, Dkt. 19-1.

3. Subsequent to the filing of my January 7, 2026, declaration, Plaintiff attempted to serve the Defendant on eight (8) separate occasions at its Aurora, Colorado address, each time without success. Attached hereto as Exhibit 1 is a true and correct copy of the proof of non-service describing eight (8) service attempts.

4. Plaintiff has been diligent in attempting to serve Defendant by traditional means but has not been successful.

5. Plaintiff believes that Defendant is an active entity, that it is aware of this litigation and is attempting to evade service as follows.

6. I am counsel of record for the Plaintiff in the matter styled *Unicolors, Inc. v. The Partnerships and Unincorporated Associations Identified on Schedule A,* Case No. 1:24-cv-02987 (N.D. Ill.) (the "Illinois Action"). A company named

- 2 –

DECLARATION OF TREVOR W. BARRETT, ESQ.

SHEWIN Flagship Shops is a defendant in that litigation. It filed an answer on March 24, 2025 and continues to be active in the litigation. On information and belief, the SHEWIN Flagship Shops in the Illinois Litigation appears to be related to the Defendant in this action.

7. On June 27, 2024, during the course of the Illinois Action, and before SHEWIN Flagship Shops appeared in the action, Amazon provided my office with the following email address for SHEWIN Flagship Shops, dixingmaoyi2018@163.com. Plaintiff attempted to serve SHEWIN Flagship Shops via that email address and subsequent that email attempt, counsel for SHEWIN Flagship Shops filed a notice of appearance in the Illinois Action.

8. Once counsel for SHEWIN Flagship Shops appeared, Plaintiff in the Illinois Action served counsel with the operative complaint at counsel's email address, smu@whitewoodlaw.com, and SHEWIN Flagship Shops filed a motion to dismiss, later filed an Answer and as set forth above, and to date has remained active in that litigation. SHEWIN Flagship Shops' Answer is attached hereto as Exhibit 2.

9. SHEWIN Flagship Shops is represented Shengmao (Sam) Mu, Esq. of Whitewood Law PLLC in the Illinois Action. On May 29, 2025 and June 24, 2025, my office contacted Mr. Mu and requested that he accept service on behalf of Defendant in this instant matter. Mr. Mu did not respond in any manner. True and correct copies of the May 29, 2025 and June 24, 2025 emails are attached hereto as Exhibit 3.

10. On information and belief, Defendant is a company based in the People's Republic of China and owns and operates the website https://www.shewin.com on which it has sold the allegedly infringing garments at issue in this case. Attached hereto was Exhibit 4 is a true and correct printout from https://www.shewin.com/page/contact-us providing for three email addresses for

- 3 –
DECLARATION OF TREVOR W. BARRETT, ESQ.

Defendant including ashley@shewin.com, mia@shewin.com, service@shewin.com,

11.    Attached collectively hereto as Exhibit 5 are true and correct copies of photographs of packages in which the certain infringing goods in this case were delivered. The shipping labels on each say "Mia Shewin" which on information and belief, corresponds with the mia@shewin.com email address listed on Exhibit 4.

12.    On March 9, 2026, my office emailed this motion and accompanying documents to Defendant's respective email addresses referenced above and informed them that must file and opposition, if any, on or before March 23, 2026. As of this filing, I do not know whether Defendant intends to oppose.

13.    Upon information and belief, and to my knowledge to date Defendant is not represented by counsel in this case.

I declare under the laws of the State of California and the United States of America, and under penalty of perjury, that the foregoing is true and correct.

Dated: March 9, 2026                    By:    /s/ *Trevor W. Barrett*
                                               Trevor W. Barrett, Esq.
                                               Declarant

- 4 –

DECLARATION OF TREVOR W. BARRETT, ESQ.