Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

URBAN FAB CORP., doing business as "UrbanFab," a California Corporation,

Plaintiff,

v.

SHEWIN INC., a Colorado corporation; and DOES 1 through 10,

Defendants.

Case No.: 2:25-cv-04289-SVW-SSC
*Hon. Stephen V. Wilson Presiding*

**STATUS REPORT RE INITIAL STATUS CONFERENCE**

*TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:*

PLEASE TAKE NOTICE THAT Plaintiff Urban Fab Corp. respectfully submits this brief status report in advance of the Initial Status Conference of June 22, 2026 and in response to Defendant Shewin, Inc. filing a "Notice of Defendant Shewin Inc.'s Second Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68." Dkt. 36.

Plaintiff wishes to raise two issues in advance of the status conference.

1. <u>Defendant's improper filing of the Rule 68 offer and refusal to disclose pertinent documents.</u>

The parties have engaged in settlement discussions. As part of those discussions Plaintiff has turned over documents reflecting its ownership of the copyrights at issue. Defendant, for its part, has turned over a spreadsheet purporting to reflect its sales of the alleged infringing product. However, despite Plaintiff's request, Defendant has refused to turn over the underlying documents, including documents which would reflect its manufacture and/or purchase of the infringing product at issue.

Plaintiff contends that the underlying documents are critical to its ability to evaluate settlement and are the sorts of documents that are routinely turned over in discovery in fabric copyright cases such as this one. Defendant's reticence to turn over that information is one hurdle in the way of the parties finding a swift and efficient resolution of this case.

Initially, Defendant has not disclosed whether it purchased or manufactured the infringing product at issue. This basic information would have to be disclosed in discovery and would be reflected in the documents Defendant has thus far withheld. This information is also critical because Defendant's Rule 68 offer "is conditioned on Plaintiff's agreement not to sue any other parties over claims arising out of the subject matter of this action." Dkt. 36-1, ¶3. This implies that there are other parties involved and thus there would necessarily be documents identifying those parties and their respective roles in the manufacture or sales of the goods at issue. The identity and role

of these parties are relevant to, *inter alia*, establishing access to Plaintiff's designs and profits throughout the chain of sales.

Purchase and sales documents are also necessary for Plaintiff to verify the accuracy of the numbers provided in Defendant's spreadsheet and in determining Defendant's (and other parties') profits.

Finally, as the Court is aware, Plaintiff's damages under the Copyright Act are not restricted to Defendant's profits. Plaintiff may elect to recover statutory damages up to $150,000 for each instance of infringement (this case presently involves 4 separate claims), and Plaintiff is also entitled to recover its costs and attorneys' fees.

At the outset of this case Defendant evaded service, forcing Plaintiff to incur unnecessary costs. Plaintiff was also forced to incur attorneys' fees in responding to two orders to show cause regarding service (Dkt. 17, 19) and ultimately the filing of a motion to serve Defendant by email (Dkt. 21) which this Court granted. Dkt. 22.

Defendant filed the "Notice of Defendant Shewin Inc.'s Second Offer of Judgment Pursuant to Federal Rule of Civil Procedure 68" in an effort to color this case as having little value, but as shown above, Defendant has not been forthcoming with information it ought to have disclosed – and will be required to disclose in response to basic discovery – and Plaintiff objects to the improper filing.[1]

2. <u>Plaintiff intends to seek leave to file a Second Amended Complaint</u>

Plaintiff is aware of – and has disclosed to Defendant – a claim for infringement of its 100112A design. Plaintiff anticipates requesting that Defendant stipulate to the filing of a Second Amended Complaint to add that claim to this case so that all claims against Defendant of which Plaintiff is presently aware may be adjudicated together and efficiently as Plaintiff's alternative would be to file a separate case against Defendant. Should Defendant decline to stipulate, Plaintiff will seek leave to amend.

[1] As the Court is aware, Rule 68 offers are served on parties, not filed with the Court.

Plaintiff looks forward to attending the Initial Status Conference and discussing the foregoing and any other issues the Court wishes to address.

Respectfully submitted,

Dated: June 19, 2026

By: <u>/s/ *David Shein*</u>
Trevor W. Barrett, Esq.
David Shein, Esq.
Andres Navarro, Esq.
DONIGER/BURROUGHS
Attorneys for Plaintiff