Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN FAB CORP., doing business as "UrbanFab," a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHEWIN INC., a Colorado corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR**<br><br>  **1. COPYRIGHT INFRINGEMENT**<br>  **2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>  **3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>  <u>Jury Trial Demanded</u> |

Plaintiff URBAN FAB CORP., doing business as "UrbanFab" ("URBAN" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

- 1 -

SECOND AMENDED COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff URBAN is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, CA.

5. Plaintiff is informed and believes and thereon alleges that Defendant SHEWIN INC. ("SHEWIN" or "Defendant") is a Colorado corporation with a principal place of business at 1942 Broadway Ste 314C, Boulder, CO 80302 and is doing business in and with the State of California and this District.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (collectively with SHEWIN, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each

- 2 -

SECOND AMENDED COMPLAINT

and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### CLAIMS RELATED TO THE SUBJECT DESIGNS

8.  Prior to the conduct complained of herein, Plaintiff composed five (5) original two-dimensional artworks for purposes of textile printing. It allocated these designs the names 100112A, 400434D, 600536F, 600694F, and 600701F (collectively, the "Subject Designs") and registered each with the United States Copyright Office prior to the acts of infringement alleged herein.

9.  Plaintiff did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this Complaint.

10. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Designs to numerous parties in the fashion and apparel industries.

11. Following this distribution of product bearing Subject Designs, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Designs and were selling fabric and garments bearing illegal reproductions and/or derivations of Subject Designs.

12. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, SHEWIN, and certain Doe defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of designs which are identical to or substantially similar to the Subject Designs ("Infringing Garments").

13. Plaintiff is informed and believes and thereon alleges that, after creating, selling, manufacturing, causing to be manufactured, and/or importing the Infringing Garments, SHEWIN sold them to the public without permission, license, consent or authorization from Plaintiff. Comparisons of the Subject Designs and the Infringing Garments are attached hereto as **Exhibit A**.

- 3 -

SECOND AMENDED COMPLAINT

14. The comparison of Subject Designs and non-exclusive exemplars of the Infringing Garments in **Exhibit A** demonstrates that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

15. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Plaintiff for its customers.

17. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with SHEWIN, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by

- 4 -

producing, distributing and/or selling garments which infringe the Subject Designs through on-line websites.

19. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

20. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants)

23.    Plaintiff hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

24.    On information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Designs as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products

- 5 -

SECOND AMENDED COMPLAINT

which use the Subject Designs, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized to be published by Defendants.

25. Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Infringing Products.

26. Plaintiff alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

27. By reason of Defendants' acts of contributory infringement as alleged above, Plaintiff has been damages and has suffered damages in an amount to be established at trial.

28. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Designs, in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

- 6 -

SECOND AMENDED COMPLAINT

## **THIRD CLAIM FOR RELIEF**

(For Vicarious Copyright Infringement - Against All Defendants)

30.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

31.     On information and belief, Plaintiff alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Infringing Products.

32.     Defendants also have a direct financial interest in their suppliers' conduct, including with respect to the Infringing Products, because Defendants realize increased profits through the proliferation and dissemination of the Infringing Products through its retail business by disregarding the intellectual property rights of copyright holders such as Plaintiff and saving money on licensing fees and costs with regard to the same.

33.     Plaintiff alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

34.     By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

35.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits

- 7 -

SECOND AMENDED COMPLAINT

directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

36. On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

#### With Respect to Each Claim for Relief

a.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

d.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

f.  That Plaintiff be awarded the costs of this action; and

- 8 -

SECOND AMENDED COMPLAINT

g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 26, 2026            By:            */s/ Andres Navarro*
                                                Trevor W. Barrett, Esq.
                                                Andres Navarro, Esq.
                                                DONIGER / BURROUGHS
                                                Attorneys for Plaintiff

- 9 -

SECOND AMENDED COMPLAINT