Valerie Goo (State Bar No. 187334)
   VGoo@crowell.com
Paul Park (State Bar No. 367712)
   PPark@crowell.com
CROWELL & MORING LLP
515 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone:  213.622.4750
Facsimile:   213.622.2690

Of Counsel:
Sen "Alex" Wang (*pro hac vice*)
   wang@venturepartner.law
Venture Partner, LLC
332 S. Michigan Avenue, Suite 900
Chicago, IL 60604
Telephone:  312-725-0886

*Attorneys for Defendant SHEWIN INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN FAB CORP., doing business as "UrbanFab," a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SHEWIN INC., a Colorado corporation, and DOES 1 through 10,<br><br>        Defendants. | Case No.: 2:25-cv-04289-SVW-SSC<br><br>**DEFENDANT SHEWIN INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Stephen V. Wilson<br><br>Jury Trial Demanded |

Defendant SHEWIN INC. ("SHEWIN" or "Defendant"), by and through its undersigned counsel, hereby answers the Second Amended Complaint ("SAC") filed by Plaintiff URBAN FAB CORP. ("URBAN" or "Plaintiff") as follows. Except as expressly admitted herein, SHEWIN denies each and every allegation in the SAC, including any allegation contained in any heading or subheading. SHEWIN reserves all rights and defenses available to it under applicable law.

## JURISDICTION AND VENUE

1.     The allegations in this paragraph contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, SHEWIN admits that this action purports to arise under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*

2.     The allegations in this paragraph contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, SHEWIN admits that 28 U.S.C. §§ 1331 and 1338(a) and (b) confer federal question jurisdiction to the extent a cognizable copyright claim is properly stated, and denies the remaining allegations.

3.     The allegations in this paragraph contain conclusions of law as to which no responsive pleading is necessary, but to the extent a response is required, SHEWIN does not contest venue in this District for purposes of this action. SHEWIN denies that it committed any actionable acts or omissions giving rise to the claims alleged, and denies any remaining allegations.

## THE PARTIES

4.     SHEWIN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies them.

5.     SHEWIN admits only that it is a Colorado corporation with a place of business at 1942 Broadway Ste 314C, Boulder, CO 80302 and that it conducts some business in the State of California. SHEWIN denies any remaining allegations of Paragraph 5.

SHEWIN'S ANSWER TO SECOND AMENDED COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC

6. To the extent any allegation in Paragraph 6 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 6 relates to SHEWIN, SHEWIN denies those allegations.

7. To the extent any allegation in Paragraph 7 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 7 relates to SHEWIN, SHEWIN denies those allegations.

## CLAIMS RELATED TO THE SUBJECT DESIGNS

8. SHEWIN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 regarding Plaintiff's claimed authorship, the alleged names or number of the designs, or the validity and scope of any purported copyright registrations, and on that basis denies them.

9. SHEWIN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies them. SHEWIN further denies that it engaged in any infringing conduct at any time.

10. SHEWIN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies them.

11. SHEWIN lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 regarding Plaintiff's purported investigation, and on that basis denies them. SHEWIN further denies that it or any entity associated with it "misappropriated" any design belonging to Plaintiff.

12. To the extent any allegation in Paragraph 12 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 12 relates to SHEWIN, SHEWIN denies those allegations.

13. SHEWIN denies the allegations in Paragraph 13.

14. SHEWIN denies the allegations in Paragraph 14.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement – Against All Defendants, and Each)

15. SHEWIN repeats, re-alleges and incorporates by reference each and

-3-

SHEWIN'S ANSWER TO SECOND AMENDED COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC

every one of its responses to Paragraphs 1 through 14 of the SAC as if fully set forth herein.

16. To the extent any allegation in Paragraph 16 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 16 relates to SHEWIN, SHEWIN denies those allegations.

17. To the extent any allegation in Paragraph 17 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 17 relates to SHEWIN, SHEWIN denies those allegations.

18. To the extent any allegation in Paragraph 18 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 18 relates to SHEWIN, SHEWIN denies those allegations.

19. To the extent any allegation in Paragraph 19 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 19 relates to SHEWIN, SHEWIN denies those allegations.

20. To the extent any allegation in Paragraph 20 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 20 relates to SHEWIN, SHEWIN denies those allegations.

21. To the extent any allegation in Paragraph 21 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 21 relates to SHEWIN, SHEWIN denies those allegations.

22. To the extent any allegation in Paragraph 22 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 22 relates to SHEWIN, SHEWIN denies those allegations.

## SECOND CLAIM FOR RELIEF

(Contributory Copyright Infringement – Against All Defendants)

23. SHEWIN repeats, re-alleges and incorporates by reference each and every one of its responses to Paragraphs 1 through 22 of the SAC as if fully set forth herein.

-4-

24. To the extent any allegation in Paragraph 24 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 24 relates to SHEWIN, SHEWIN denies those allegations.

25. To the extent any allegation in Paragraph 25 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 25 relates to SHEWIN, SHEWIN denies those allegations.

26. To the extent any allegation in Paragraph 26 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 26 relates to SHEWIN, SHEWIN denies those allegations.

27. To the extent any allegation in Paragraph 27 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 27 relates to SHEWIN, SHEWIN denies those allegations.

28. To the extent any allegation in Paragraph 28 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 28 relates to SHEWIN, SHEWIN denies those allegations.

29. To the extent any allegation in Paragraph 29 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 29 relates to SHEWIN, SHEWIN denies those allegations.

## THIRD CLAIM FOR RELIEF

(Vicarious Copyright Infringement – Against All Defendants)

30. SHEWIN repeats, re-alleges and incorporates by reference each and every one of its responses to Paragraphs 1 through 29 of the SAC as if fully set forth herein.

31. To the extent any allegation in Paragraph 31 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 31 relates to SHEWIN, SHEWIN denies those allegations.

32. To the extent any allegation in Paragraph 32 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any

SHEWIN'S ANSWER TO SECOND AMENDED COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC

allegation in Paragraph 32 relates to SHEWIN, SHEWIN denies those allegations.

33.    To the extent any allegation in Paragraph 33 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 33 relates to SHEWIN, SHEWIN denies those allegations.

34.    To the extent any allegation in Paragraph 34 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 34 relates to SHEWIN, SHEWIN denies those allegations.

35.    To the extent any allegation in Paragraph 35 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 35 relates to SHEWIN, SHEWIN denies those allegations.

36.    To the extent any allegation in Paragraph 36 is directed at unnamed Doe defendants, no response is required from SHEWIN. To the extent any allegation in Paragraph 36 relates to SHEWIN, SHEWIN denies those allegations.

**PRAYER FOR RELIEF**

SHEWIN denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, including but not limited to injunctive relief, actual damages, statutory damages, disgorgement of profits, attorneys' fees, costs, or pre-judgment interest. SHEWIN respectfully requests that judgment be entered in its favor and against Plaintiff on all claims, and that SHEWIN be awarded its costs and attorneys' fees incurred in defending this action.

**AFFIRMATIVE AND OTHER DEFENSES**

SHEWIN, without conceding that it bears the burden of proof on any of the following defenses, asserts the following affirmative and other defenses. SHEWIN reserves the right to amend or supplement these defenses as discovery proceeds and additional information becomes available.

**FIRST DEFENSE**

**(FAILURE TO STATE A CLAIM)**

Plaintiff's SAC, and each claim for relief asserted therein, fails to state a

SHEWIN'S ANSWER TO SECOND AMENDED COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC

claim upon which relief can be granted. Among other deficiencies, Plaintiff has not plausibly alleged that the works at issue contain sufficient original, protectable expression, or that any such expression was actually copied by SHEWIN.

## SECOND DEFENSE

## (LACK OF ORIGINALITY / NO PROTECTABLE EXPRESSION)

The alleged Subject Designs, or the elements thereof that Plaintiff claims were infringed, lack the originality necessary to qualify for copyright protection under 17 U.S.C. § 101 et seq. The Subject Designs consist entirely or substantially of commonplace floral motifs, standard color combinations, and other elements that are either in the public domain, constitute unprotectable ideas or scènes à faire, or are otherwise not subject to copyright protection. Copyright protection, if any exists, is thin and does not extend to the elements present in the garments sold by SHEWIN.

## THIRD DEFENSE

## (NO COPYING / INDEPENDENT CREATION)

SHEWIN did not copy, directly or indirectly, any protectable expression from the alleged Subject Designs. The designs appearing on the garments sold by SHEWIN were obtained from third parties who themselves either independently created those designs or were authorized to use them. Any similarity between those designs and Plaintiff's alleged Subject Designs is the result of the parties independently drawing from the same pool of unprotectable floral design elements that are standard and common in the apparel industry.

## FOURTH DEFENSE

## (NO ACCESS)

SHEWIN had no access to Plaintiff's alleged Subject Designs prior to the filing of this action. SHEWIN never visited Plaintiff's showroom or design library, never received strike-offs or samples from Plaintiff, and was not otherwise exposed to Plaintiff's alleged Subject Designs. In the absence of a reasonable possibility of

SHEWIN'S ANSWER TO SECOND AMENDED COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC

access, no inference of copying can arise.

## FIFTH DEFENSE

## (NO SUBSTANTIAL SIMILARITY)

The designs appearing on the garments sold by SHEWIN are not substantially similar to any protectable expression in Plaintiff's alleged Subject Designs. Any perceived similarities between the parties' designs result from the use of common, unprotectable floral design elements, color combinations, and arrangements that are standard in the textile and apparel industries, and do not constitute actionable copying of protected expression.

## SIXTH DEFENSE

## (INNOCENT INFRINGEMENT)

Without admitting any infringement, if SHEWIN is found to have infringed any valid copyright owned by Plaintiff, such infringement was innocent and not willful. SHEWIN acted in good faith at all times and had no knowledge that the designs it sold infringed any copyright. SHEWIN is therefore entitled to a reduction of any statutory damages award to no more than $200 per infringed work pursuant to 17 U.S.C. § 504(c)(2).

## SEVENTH DEFENSE

## (INVALIDITY OF COPYRIGHT REGISTRATION)

Plaintiff's copyright registrations for the alleged Subject Designs are invalid or unenforceable due to, among other things: (a) the Subject Designs lack the requisite originality for copyright protection; (b) the registration applications contain material inaccuracies or omissions; and/or (c) the alleged Subject Designs were not authored by Plaintiff or the authorship information provided to the Copyright Office was inaccurate.

## EIGHTH DEFENSE

## (LACK OF OWNERSHIP / LACK OF STANDING)

Plaintiff lacks standing to assert the claims in the SAC because it is not the

SHEWIN'S ANSWER TO SECOND AMENDED COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC

author or lawful owner of the alleged Subject Designs, or it has not received a valid, written transfer of exclusive rights in the Subject Designs sufficient to confer standing under 17 U.S.C. § 501(b). Plaintiff's purported ownership of the relevant copyrights is disputed, and Plaintiff has not established a valid chain of title sufficient to maintain this action. Upon information and belief, the Subject Designs asserted in the SAC have not been properly registered with the U.S. Copyright Office and Plaintiff thus has no right to sue based on the Subject Designs.

## NINTH DEFENSE
### (LICENSE / AUTHORIZATION)

To the extent the designs embodied in the garments sold by SHEWIN were licensed, authorized, or otherwise permitted by the real owner of those designs, whether expressly or impliedly, SHEWIN's conduct does not constitute copyright infringement.

## TENTH DEFENSE
### (ESTOPPEL / WAIVER / ACQUIESCENCE)

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and/or acquiescence. To the extent Plaintiff or its predecessors in interest had knowledge of SHEWIN's alleged conduct and failed to take timely action, or by their conduct induced SHEWIN to rely on the belief that no claim would be asserted, Plaintiff is estopped from asserting the claims in the SAC.

## ELEVENTH DEFENSE
### (UNCLEAN HANDS)

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. On information and belief, Plaintiff has engaged in inequitable, improper, or unlawful conduct directly related to the subject matter of this litigation, including but not limited to potential misrepresentations to the Copyright Office and/or improper assertions of ownership over designs that incorporate unprotectable or third-party elements.

SHEWIN'S ANSWER TO SECOND AMENDED COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC

## TWELFTH DEFENSE

### (FAILURE TO MITIGATE)

Plaintiff's claims for damages are barred or reduced to the extent Plaintiff failed to take reasonable steps to mitigate its alleged damages.

## THIRTEENTH DEFENSE

### (NO STATUTORY DAMAGES AND ATTORNEY'S FEES)

To the extent the Subject Designs were registered by Plaintiff, some or all of such registrations were not timely made such that Plaintiff is not entitled to statutory damages or attorney's fees under 17 U.S.C. § 412.

## PRAYER FOR RELIEF

WHEREFORE, SHEWIN respectfully requests judgment against Plaintiff as follows:

1. Deny Plaintiff all relief requested in its SAC and dismiss Plaintiff's SAC with prejudice;

2. Grant an award of SHEWIN's costs and disbursements in this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

3. Grant such other, further, and different relief as the Court deems just and proper.

Dated:  July 10, 2026                    CROWELL & MORING LLP


By:  */s/ Paul Park*
         Paul Park

         *Attorney for Defendant SHEWIN*

-10-

## <u>DEMAND FOR JURY TRIAL</u>

SHEWIN demands a trial by jury on all issues so triable in this action pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution.

Dated:  July 10, 2026                                   CROWELL & MORING LLP


By: */s/ Paul Park*
     Paul Park

*Attorney for Defendant*
*SHEWIN INC.*

SHEWIN'S ANSWER TO SECOND AMENDED
COMPLAINT; CASE NO. 25-CV-04289-SVW-SSC